# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY

FILED
US BANK COURT CLERK
WEST'N DIST KENTUCKY
10 AUG -9 AM 10: 17

IN RE:

DENNIS BELL
2934 Benton Road
Paducah, KY. 42003
SSN XXX-XX-5466

Debtor.

In proceedings
Under Chapter 7

Case No. 10-50501

---

# ADVERSARY PROCEEDING

DENNIS BELL,

       Plaintiff,

vs.

BAC HOME LOANS SERVICING, INC.,
COUNTRYWIDE HOME LOANS, INC,
BANK OF AMERICA CORPORATION'
and MORTGAGE ELECTRONIC REGIS-
TRATION SYSTEMS, INC. RICHARD
RICHARD A. VANCE, and DOES I TO V.

       Defendants.
_____/

**ADVERSARY PROCEEDING**

**NO:_____**

**(JURY TRIAL REQUESTED)**

**COMES NOW,** Plaintiff, Dennis Bell, and would show unto the Court the following:

*Parties*

1.    Plaintiff is a resident of McCracken County Kentucky, with a mailing address of 2934

Benton Road, Paducah, KY. 42003.

1

2.       Defendant, BAC Home Loans Servicing, Inc., (hereinafter BAC) is a purely fictional name being used by Countrywide Home Loans, Inc. and Bank of America Corporation to commit fraud upon the plaintiff and the Court. BAC Home Loans Servicing, Inc. has not been lawfully formed or organized in accordance with the laws of any state within the United States, nor does it have lawful capacity sufficient to allow it to maintain standing in any court of law or equity within the United States.

3.       Defendant, Bank of America Corporation, (hereinafter B of A) is an "Active" corporation organized and existing under the laws of the State of Delaware but showing its principal office located at 100 North Tyron Street, Charlotte, North Carolina, 28202. B of A is knowingly but fraudulently holding itself out to be operating under the name BAC Home Loans Servicing, Inc., which is a non-existent entity.

4.       Countrywide Home Loans, Inc., (hereinafter CHL) is an "Active" corporation organized and existing under the laws of the State of New York but showing its principal office located at 4500 Park Granada Blvd., Calabasas, CA. 91302. Countrywide Home Loans, Inc. is holding itself out as BAC Home Loan Servicing, Inc. however no formal name change has been filed.

5.       Mortgage Electronic Registration Systems, Inc. is a "Ghost Corporation" and "Alter Ego" of CHL, showing an address of P.O. Box 2026, Flint, MI. 48501.

5a.      Richard A. Vance is a licensed Kentucky Attorney identified by Kentucky Bar No. 72728 and is currently employed by Stites and Harbison, PLLC, 400 W. Market St., Suite 1800, Louisville, KY. 40202.

5B.      The true names of the DOE Defendants are not known at this time, however when the true names are ascertained, this pleading will be amended to substitute the true and actual defendant.

2

## Jurisdiction

The Court has jurisdiction over the parties herein, such jurisdiction having been requested by all parties and all parties having consented to such jurisdiction by appearance. Further, the Court has jurisdiction over this matter pursuant to U.S.C. §§ 157 and 1334, as well as relevant subsections of Fed. R. Bankr. P. 7001.

## Factual Allegations

6. Based upon public records in all 50 states of the United States, there is not an entity organized in the name of BAC Home Loan Servicing, Inc. fka Countrywide Home Loans, Inc. Any use of this name to seek relief in a court within the United States is strictly prohibited for lack of capacity and lack of standing as provided by state and federal law, and local rules.

7. Based upon public records in the State of New York and the Commonwealth of Kentucky, Defendant Countrywide Home Loans, Inc. has not ceased to exist, nor has it merged or otherwise altered its identity. Countrywide Home Loans, Inc. appears within the public records as an "Active" corporation in the State of New York and the Commonwealth of Kentucky, having filed its annual report and statement of officers as recently as June 10, 2010 without record of successors.

8. The Defendants, and each of them, have failed to comply with the laws of Kentucky which requires a license to make, service, buy or sell loans secured by mortgages on residential real property. Kentucky law requires that: *"Any entity that directly or indirectly holds itself out as being able to make or purchase loans secured by mortgages on residential real property, being able to service loans secured by mortgages on residential real property, or being able to buy or sell notes secured by mortgages on residential real property."*

3

## COUNT 1: DECLARATORY RELIEF (Question of Jurisdiction For Lack Of Standing)

9.     Plaintiff incorporates by reference the allegations of all the preceding and subsequent paragraphs of the Complaint as if fully set forth herein.

10.    On or about June 9, 2010, Defendant BAC filed a proceeding with this Court entitled *Motion For Relief From Stay And For Abandonment Of Property* where it seeks to forcibly divest and remove the plaintiff of his real property.

11.    BAC alleges in its motion that it was "formerly known as" Countrywide Home Loans, Inc. and that now under its present name it somehow has the right and legal capacity to request certain relief against the plaintiff to include depriving him of his real property by force of judicial action.

12.    BAC's representation to this Court that it was formerly known as Countrywide Home Loans, Inc., and its unspoken representation that it is a lawful and viable entity is an absolute fraud upon this Court and a fraud upon the Plaintiff, as well as a Rule 9011 violation by its counsel.

13.    BAC Home Loan Servicing, Inc. fka Countrywide Home Loans, Inc. is an imaginary name that does not exist as a lawfully organized corporation in any state within the Untied States, nor was it never known as Countrywide Home Loans, Inc.

14.    Countrywide Home Loans, Inc. has not merged or changed its name, but rather it is an "Active" corporation listed on New York and Kentucky public records. Countrywide is not now, nor has it ever been known as BAC Home Loan Servicing, Inc. and visa-versa.

15.    BAC, as a name only without lawful existence, is prohibited from seeking relief from any court within the United States as it has no lawful capacity. Accordingly, BAC lacks standing within this Court sufficient to allow it to obtain jurisdiction over the subject matter raised by BAC. The

4

minimum constitutional requirements for standing are: proof of injury in fact, causation, and redressability. In addition Movant must be a proper proponent and the proceeding a proper vehicle to vindicate the rights asserted. The present facts show BAC is unable to meet these requirements.

16.     The plaintiff's absolute right of due process requires that BAC's motion described herein be stricken and that BAC be prohibited from seeking relief in this Court, and all courts within the United States, for lack of lawful capacity and lack of standing.

17.     As a result of the foregoing, Plaintiff is entitled to a declaratory order issued by this Court identifying BAC Home Loan Servicing, Inc. as a "Non-Entity" that is not now, nor was ever incorporated under the laws of any state within the United States, and that it was not formerly known as Countrywide Home Loans, Inc. Plaintiff is further entitled to a declaratory order to establish that BAC is without standing in this Court, or any court, and is prohibited from seeking relief therefrom.

### COUNT 2: DECLARATORY RELIEF   (Violation of FTC Judgment)

18.     Plaintiff incorporates by reference the allegations of all the preceding and subsequent paragraphs of the Complaint as if fully set forth herein.

19.     On or about June 7, 2010, Defendant CHL became the subject of a judgment and fine in the amount of 108 million dollars issued by the U.S. Federal Trade Commission for fraudulent practices including Bankruptcy Fraud.

20.     The FTC judgment against CHL includes the requirement that..."*The defendants [Countrywide] are barred from [M]aking false or unsubstantiated representations about loan accounts.*"

21.     The motion filed by BAC on June 9, 2010 is replete with false representations which include that BAC was formerly Countrywide Home Loans, Inc., that the Debtor (plaintiff herein) obtained

5

loans from BAC, issued Notes to BAC, or is otherwise indebted to BAC.

22.     BAC has knowingly filed its motion with the intent of benefiting from the misrepresentations and fraud which are clear and evident and which constitute unquestionable violations of the FTC judgment, as well as Rule 9011 violations by its counsel.

23.     As a result of the foregoing, Plaintiff is entitled to a declaratory order issued by this Court which finds that CHL violated the FTC judgment by filing its motion herein on June 9, 2010.

### COUNT 3: DECLARATORY RELIEF ( Set Aside Void State Court Judgment or Otherwise Declare The State Court Judgment Invalid Fed. R. Bankr. P. 7001(2) )

24.     Plaintiff incorporates by reference the allegations of all the preceding and subsequent paragraphs of the Complaint as if fully set forth herein.

25.     On or about November 13, 2009, Defendant, CHL obtained a judgment against the Plaintiff herein in a state court proceeding entitled Countrywide Home Loans, Inc. vs. Dennis Bell, McCracken County Circuit Court, Case No. 06-CI-00305. (Hereafter State Court) See Exhibit H.

26.     At the time the judgment was entered by the State Court, that court had no subject matter jurisdiction in the case because CHL was not a real party in interest.

27.     Also at the time the judgment was entered, the State Court had relied upon fraud and misrepresentation committed by CHL as the basis for issuing the judgment.

28.     The fraudulent representations made by CHL to the State Court include that: 1) CHL was the "holder and owner" of the subject Notes made by the Plaintiff herein,  2) That CHL was the "assignee and holder of certain mortgages made by Plaintiff" as of the time of filing the foreclosure complaints, and 3) That CHL held assignments to those mortgages at the time they filed the underlying foreclosure complaints.

29.     At the time CHL made these misrepresentations to the State Court, CHL knew they were false but made such misrepresentations knowingly and willfully to deprive the Plaintiff of his property and his right of due process.

30.     Prior to the State Court issuing its judgment, Plaintiff herein produced facts and public record evidence that established beyond any doubt that CHL was not a real party in interest, that CHL did not own or hold Plaintiff's Notes and Mortgages, that CHL held no assigned interest in Plaintiff's Notes and Mortgages, and that CHL's pleadings to support the judgment were false.

31.     After 4 years of contentious litigation, two judge disqualifications, numerous hearings and proceedings, the 3rd appointed judge in the case simply issued a summary judgment in favor of CHL to get rid of the case. Frustration, not justice was the determining factor in the State case.

32.     The judgment issued by the State Court is void because that court never acquired subject matter jurisdiction which was the result of Countrywide's lack of standing. Countrywide never met the constitutional requirements in that case to demonstrate that it had standing or that it was the real party in interest. Although it falsely alleged to be the real party in interest, public record showed that CHL held no interest in Plaintiffs Notes/Mortgages and thus, had no standing. Countrywide alleged to have acquired its ownership of Plaintiff's mortgages by assignment from MERS, however MERS never held any assignable interest in Plaintiff's mortgages, nor did MERS ever hold or possess Plaintiff's notes, thus Countrywide received nothing by way of the MERS assignments. An equally compelling prohibition to Countrywide's standing in the State Court Case is that no assignment of Plaintiff's mortgages had been executed or recorded at the time Countrywide filed the State Court Action. By assuming jurisdiction where it had none, the proceedings held by the State Court against the Plaintiff herein, including the judgment identified in paragraph 25, constitute a violation of this

Plaintiff's due process rights as guaranteed under the 14th amendment to the U.S. Constitution.

33. Subsequent to the entry of the State Court judgment, Plaintiff herein filed a timely appeal with the Kentucky Court of Appeals, however that appeal process has been stayed by the present Chapter 7 Bankruptcy proceeding. It is now the duty under Fed. R. Bankr. P. 7001(2) of this Court to decide the validity of the State Court judgment before allowing any of the defendants herein to perfect a claim in the present Bankruptcy proceeding based upon that void judgment.

34. As a result of the foregoing, Plaintiff is entitled to a declaratory order issued by this Court which finds that the judgment and other orders issued by the State Court in favor of Countrywide Home Loans, Inc. are void for Countrywide's lack of standing and the State Court's lack of subject matter jurisdiction, and are constitutionally invalid because they violate the Plaintiff's due process rights guaranteed by the 14th amendment of the U.S. Constitution.

## COUNT 4: INJUNCTIVE RELIEF (Enjoin State Court Judgment)

35. Plaintiff incorporates by reference the allegations of all the preceding and subsequent paragraphs of the Complaint as if fully set forth herein.

36. Plaintiff is currently subject to the enforcement efforts of the defendants void judgment identified in paragraph 25 above. Although the judgment appears to be valid on its face, the judgment is void under the law and the U.S. Constitution because it was issued by a court that had no jurisdiction to issue such judgment, it was issued based upon fraud, and it was issued in violation of the Plaintiff's due process rights as guaranteed by the 14th Amendment.

37. The basis for the State Court judgment was a foreclosure suit ( 3 foreclosure suits consolidated into one action) where Countrywide Home Loans, Inc. alleged to be the *"holder and owner of a note which is unavailable at this time."* The suit bearing case no. 06-CI-891 was filed

8

on August 23, 2006, however Countrywide was not the "holder and owner" of the note as falsely alleged in the Foreclosure Complaint. (A true copy of the Complaint is attached hereto as Exhibit "A")

38.     In Count One of the Complaint, Countrywide alleges to be the holder and owner of the Note, but is unable to produce even a copy of the note. In Count Two of the Complaint, Countrywide alleges to be the *"holder of a mortgage attached as Exhibit A. The mortgage was given to secure payment of the above described note."* At ¶ 3 Countrywide alleged *"the mortgage was filed for record on February 9, 2004 in Mortgage Book 935, Page 517...and was subsequently assigned to the plaintiff herein."*[1] Although Countrywide alleged to be the "holder and owner" of the Note and Mortgage as a result of an assignment made to Countrywide, no such assignment existed at the time Countrywide filed its foreclosure suit on August 23, 2006. In fact, no such assignment to Countrywide would be recorded until several weeks later. See a true copy of assignment from Mortgage Electronic Registration Systems, Inc.[2] to Countrywide Home Loans, Inc. as Exhibit "B" hereto, recorded on September 11, 2006 in Deed Book 1102, Page 146 of the Official Records of the Clerk/Recorder for McCracken County, Kentucky. It is noteworthy that the mortgage was made to America's Wholesale Lender, Inc. who is the named "Lender" and "Mortgagee" which excludes both MERS and Countrywide as owning or holding a beneficial interest therein.

_____

[1] At the time Countrywide filed this foreclosure action it was not the holder or owner of either the Note or Mortgage it claimed to own. Further, there was no assignment from the actual mortgage holder, Americas Wholesale Lender, Inc. a New York Corporation, to Countrywide. Countrywide held no interest in either the Note or Mortgage sufficient to acquire standing to file the foreclosure suit.

[2] Although Mortgage Electronic Registration Systems, Inc. purports to assign Debtor's mortgage over to Countrywide, Mortgage Electronic Registration Systems, Inc. held no interest in Debtor's mortgage which to assign, and Mortgage Electronic Registration Systems, Inc. did not hold or possess Debtor's note for delivery at the time it assigned Debtor's mortgage, which created a Bifurcation of the negotiable instrument and the security instrument.

9

39. Countrywide filed a near-identical 2nd foreclosure suit bearing case no. 06-CI-813 on July 31, 2006 involving Debtor's real property located at 840 Burkhart Lane. ( See a true copy of the face page of Countrywide's complaint showing file date of July 31, 2006 as Exhibit "C" hereto) Although Countrywide falsely alleged in that suit to be the owner of the Note and Mortgage on the Burkhart property by an assignment, no such assignment actually existed at the time the suit was filed, and no such assignment would not be recorded until several weeks later. (See a true copy of Countrywide's assignment recorded on 9/5/2006 as Exhibit "D" hereto)

40. Countrywide filed a near-identical 3rd foreclosure suit bearing case no. 06-CI-305 on March 24, 2006 involving Debtor's real property located at 2115 Park Ave. ( See a true copy of the face page of Countrywide's complaint showing file date of March 24, 2006 as Exhibit "E" hereto) Although Countrywide falsely alleged in that suit to be the owner of the Note and Mortgage on the Burkhart property by an assignment, it was not the holder/owner nor did any such assignment actually exist at the time the suit was filed, and no such assignment would not be recorded until several weeks later. (See a true copy of Countrywide's assignment recorded on 4/21/2006 as Exhibit "F" hereto) Subsequent to the filing of all three foreclosure suits they were consolidated into a single action bearing case no. 06-CI-305.

41. Defendant BAC claims to be the successor to Countrywide Home Loans, Inc. Public record discloses that no person or entity has succeeded Countrywide, however any claim based upon Countrywide's interest in Plaintiff's property is subject to the defects, limitations and defenses of the Countrywide suits and cannot claim a superior position over Countrywide's original claims or standing raised therein.

41a. Any interest Countrywide may claim in Plaintiff's property was voluntarily transferred to FNME on 3/ 30/2010 who now claims ownership of Plaintiff's real properties. See Exhibit I.

42.     Plaintiff Countrywide, in the foreclosure actions at the time filed, was not a real party in interest and thus the summary judgment issued by the McCracken Circuit Court is void for lack of subject matter jurisdiction.

43.     Under the sound reasoning of the U.S. District Court for the Northern District of Ohio, along with the proper application of law, authoritive cases and constitutional considerations, the void State Court judgment must be enjoined for the same reasons  similar cases were dismissed by the **Opinion And Order** issued by the Honorable Judge Christopher Boyko. (A true copy thereof is attached hereto as Exhibit "G")

44.     As a result of the foregoing, Plaintiff is entitled, under Fed. R. Bankr. P. 7001(7) to an order issued by this Court which permanently enjoins the Defendants from attempting to use or enforce the void judgment issued by the State Court against the Plaintiff herein.

## COUNT 5: FRAUD (Obtained State Court Judgment Under False Pretenses)

45.     Plaintiff incorporates by reference the allegations of all the preceding and subsequent paragraphs of the Complaint as if fully set forth herein.

46.     On or about 2006, Countrywide filed 3 foreclosure suits against the plaintiff herein as follows: 1) filed 3/24/2006 Countrywide Home Loans, Inc. v. Dennis Bell, Case No. 06-CI 00305, McCracken Circuit Court, 2) filed 7/31/2006 Countrywide Home Loans, Inc. v. Dennis Bell, Case No. 06-CI 00813, McCracken Circuit Court, 3) filed 8/23/2006 Countrywide Home Loans, Inc. v. Dennis Bell, Case No. 06-CI 00891, McCracken Circuit Court.

47.     Subsequent to the filing of each of these cases, all three cases were consolidated into a single action entitled Countrywide Home Loans, Inc. v. Dennis Bell, bearing Case No. 06-CI-00305, (hereinafter State Case.)

48. In the State Case, Countrywide alleged that it was "the holder and owner" of certain notes executed by the plaintiff herein. Countrywide also alleged that it was the "holder and owner" of certain mortgages executed by the plaintiff herein. Based upon these allegations made by Countrywide, Countrywide sought to foreclose upon the stated mortgages, thereby enforcing the terms of the notes and mortgages against the plaintiff herein.

49. At the time Countrywide made these allegations, Countrywide knew such allegations were false because Countrywide was not the "holder and owner" of either the notes or mortgages as they alleged.

50. In the State Case, Countrywide alleged that it was the assignee of each of the mortgages and such assignments resulted in Countrywide's ownership thereof. At the time Countrywide made these allegations, Countrywide knew them to be false because no such assignments had been made to Countrywide, nor had the named lender assigned the mortgages to anyone.

51. Countrywide made the false allegation that it was the holder and owner of Plaintiff's notes for the purpose of collecting money it was not owed nor entitled to. Countrywide is not owed any sum on the notes, Countrywide is not the owner of the notes, and Countrywide does not hold or possess the original notes. The fraudulent representations made by Countrywide were made with the intent to deceive the State Court and to deprive the Plaintiff of his money and property, all for its own financial gain.

52. The fraudulent conduct of Countrywide as complained of herein is an ongoing course of conduct and normal business practice for which Countrywide has been fined, sanctioned and penalized in both State and Federal Courts. In June 2010, Countrywide was fined 108 million dollars by the Federal Trade Commission for such fraud. In April 2010, Countrywide/B of A was forced to

12

pay 8.4 billion dollars to settle lawsuits brought by several State Attorneys General for such fraudulent business practices.

53. Although Countrywide and B of A are prohibited from continuing such fraud as part of their fines and judgments, these Defendants have continued to defraud the Plaintiff herein since they first filed their false and fraudulent pleadings as identified in paragraph 46 above.

54. Countrywide, while maintaining these false and fraudulent representations to the State Court, simultaneously withheld relevant documents, testimony and evidence within its possession that would have otherwise revealed its fraud and misrepresentation as described herein and would have dissuaded the State Court from entering such judgment.

55. Countrywide's withholding of such documents, testimony and evidence was willful, and done with the intent to mislead the State Court because such documents, testimony and evidence were requested by Plaintiff herein through normal discovery means including interrogatories, request for admissions and notice of depositions. In each instance, Countrywide failed to produce documents, evidence and testimony to perpetuate their fraud.

56. Additionally, Countrywide has proffered altered, fabricated and forged documents to support its claims in the State Court knowing that use of such documents are a fraud upon the State Court and upon the Plaintiff herein. The State Court judgment was entered by use and reliance upon such altered, fabricated and forged documents which renders such judgment constitutionally invalid.

57. The Defendants, and each of them, in concert with one another, have either obtained by false pretenses, or have attempted to enforce by false pretenses, the void judgment issued by the State Court as identified in paragraph 25 above.

58. As a result of the foregoing, Plaintiff is entitled to and prays for compensatory, consequential, and punitive damages, in amounts to be proven at trial.

## COUNT 6: VIOLATION OF KENTUCKY FINANCIAL REGULATIONS

59. Plaintiff incorporates by reference the allegations of all the preceding and subsequent paragraphs of the Complaint as if fully set forth herein.

60. Countrywide alleged in the State Court that it was the "holder and owner" of Plaintiffs mortgages as identified therein, as a result of "assignment for valuable consideration" from Mortgage Electronic Registrations Systems, Inc[3]. Accordingly, Countrywide alleges itself to be the "Buyer" of Plaintiff's mortgages which are secured by residential property.

61. Further, Countrywide, prior to, and at all times during the pendency of the State Court action, held itself out to be the largest residential mortgage lender and mortgage servicer in the United States, which Countrywide alleges to include the Plaintiff's mortgages.

62. The Kentucky Office of Financial Institutions requires that: *Any entity that directly or indirectly holds itself out as being able to make or purchase loans secured by mortgages on residential real property, being able to service loans secured by mortgages on residential real property, or being able to buy or sell notes secured by mortgages on residential real property is required to hold a valid Kentucky Mortgage Company License.*

63. Neither Countrywide, nor BAC Home Loan Servicing, Inc.[4] now hold, nor have they ever held, a valid Kentucky Mortgage Company License as required by Kentucky Law.

---

[3] It is noteworthy that MERS does not hold a valid Kentucky Mortgage Company License and therefore is prohibited from selling any mortgage secured by residential real property located in Kentucky.

[4] It has been established that BAC Home Loan Servicing, Inc. is a fictitious entity that was never formed and thus does not exist.

14

64.     The conduct of Defendants Countrywide and BAC as alleged herein, including all conduct prior to, and related to the State Court foreclosure case maintained by Countrywide, and all matters maintained by BAC in the present Chapter 7 proceeding is prohibited because it violates Kentucky Law that requires a Kentucky Mortgage Company License.

65.     Plaintiff is informed and believes, and thereon alleges, that Countrywide has attempted to avoid this fatal defect affecting its alleged ownership of Plaintiff's mortgages and the void judgment issued by the State Court by "bootstrapping" BAC in as the new and legitimate holder of Plaintiff's mortgages and owner of the State Court Judgment.

66.     As the Kentucky Law requiring Countrywide to hold a valid Kentucky Mortgage Company License before it can make or service loans, or purchase/sell notes secured by mortgages on residential real property located in Kentucky, the Plaintiff has the absolute right to the benefit and protection of that law, which prohibits Countrywide from making, servicing or enforcing any loan or mortgage against the Plaintiff where the making, servicing or enforcement thereof is in violation of such Kentucky Law.

67.     Additionally, the Plaintiff's benefit and protection under such law is guaranteed by the Kentucky and U.S. Constitutions which require that all laws are to be enforced for the benefit and protection of its citizens, and that all laws will be enforced equally. Any failure to do so would constitute a violation of the Plaintiff's rights of equal protection of law and due process as provided by the 14th amendment to the U.S. Constitution.

68.     KRS 286.8-220(2) provides that: It shall be unlawful for any mortgage loan company ...directly or indirectly:

      (a) To employ a device, scheme, artifice to defraud;

(b) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;...

69. The acts and practices by Countrywide and BAC described herein violate KRS 286.8-220(2) and KRS 286.8-125(1), and caused damage to Plaintiff in an amount to be proven at trial, but which exceed the jurisdictional minimum of the Court.

## COUNT 7: VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT

70. Plaintiff incorporates by reference the allegations of all the preceding and subsequent paragraphs of the Complaint as if fully set forth herein.

71. KRS 367.170(1) provides that "Unfair, false, misleading or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

72. The acts and practices by Countrywide, BAC, B of A, and MERS set out herein, are in violation of KRS 367.170(1), and caused damage to Plaintiff in an amount to be proven at trial, but which exceeds the jurisdictional minimum of the Court.

## COUNT 8: CONSPIRACY IN VIOLATION OF 42 USC § 1985

73. Plaintiff incorporates by reference the allegations of all the preceding and subsequent paragraphs of the Complaint as if fully set forth herein.

74. The Defendants, and each of them are and were at all times mentioned herein, acting beyond the scope and authority of their normal duties with the intent to deprive the Plaintiff of his rights, property and money, and did so in concert with one another.

75. The Defendants, and each of them, willfully participated in this illegal objective by various means, with the intent to further some purpose of the conspiracy, including for example:

a. Filing false allegations within a judicial proceeding;

b. Attempting to acquire Plaintiff's property under false pretenses;

c. abusing the discovery process to harass and intimidate the Plaintiff;

d. agreeing to use false, altered, or forged documents to support foreclosure actions against the Plaintiff and his real properties.

e. seeking sanctions against the Plaintiff under false pretenses;

f. withholding 3rd party documents to gain an unfair advantage over the Plaintiff;

g. failing to comply with discovery rules promulgated by the Kentucky Supreme Court

h. filing false sworn affidavits in the State Court to deny certain relief to the Plaintiff

i. attempting to deprive the Plaintiff of his right of equal protection of law and right of due process.

76. The Defendants', and each of them, their actions evidenced a reckless and callous disregard for, and deliberate indifference to, Plaintiff's constitutional rights.

77. As a direct and foreseeable consequence of this conspiracy, Plaintiff was deprived of his rights under the Fourteenth Amendment to the United States Constitution.

78. As a direct and foreseeable consequence of these deprivations, Plaintiff has suffered economic loss, physical harm, emotional trauma, loss of privacy, loss opportunity, loss of status and standing in the business community, and irreparable harm to his income potential.

79. As a further consequence of these deprivations, Plaintiff was required to retain counsel to represent him in a portion of the civil proceedings to protect his property, and incurred expenses associated with defending against the unlawful civil proceedings initiated and sustained by the defendants.

80. As a result of the foregoing, the Defendants, and each of them, are liable for the aforesaid acts of conspiracy and violation of 42 U.S.C. §1985(2) and (3) in an amount to be determined as compensatory and punitive damages for the Plaintiff.

## COUNT 9: SANCTIONS PURSUANT TO RULE 9011 (BAC and Counsel for BAC)

81. Plaintiff incorporates by reference the allegations of all the preceding and subsequent paragraphs of the Complaint as if fully set forth herein.

82. By way of this proceeding and the preceding allegations, along with the evidentiary exhibits, it is more than apparent that BAC is merely a fictitious name of an entity that was never incorporated. Although this fact was raised by the Plaintiff during open hearing on 7/22/2010, and indeed the Plaintiff objected to BAC's motion that was before the Court at that time, and objected to being forced to testify during forced examination by BAC, the Court was nonetheless swayed by BAC counsel's representations to the Court that BAC was a "lawful and valid entity", that BAC "owned the assets of Countrywide", and that BAC had been in that very court "many times before." (See Court transcripts of hearing where counsel for BAC, Richard Vance made these deliberate misrepresentations)

83. Based solely upon the misrepresentations made by Mr. Vance to the Court, the Court entered an Order granting the relief that Mr. Vance had fraudulently sought for BAC.

84. Thereafter, the Plaintiff (Debtor in the Chapter 7 Proceeding) was forced to file a motion for reconsideration with attached documentary and public record evidence which clearly informed the Court that BAC was not a valid entity, and equally important, that Mr. Vance's representations to the Court that BAC was formerly Countrywide, that BAC had acquired Countrywide's assets, and that BAC was properly before the Court were false and/or misleading.

85. Once sufficiently informed, The Court set aside the Order it had issued at BAC's request on 7/22/2001 and thereafter ordered that BAC make a showing of proof of its lawful incorporation, and show that it was properly assigned the assets of Countrywide to include a proper claim against the Plaintiff. (Countrywide has already transfered its interest to FNME, see ¶ 41a.)

86. Additionally, at the hearing on 7/22/2010, the Court instructed Mr. Vance to produce proof to Plaintiff's counsel, Steve Vedmere, within 10 days thereof, of the lawful corporate status of BAC home Loan Servicing, Inc. Thereafter, Mr. Vance failed to produce such documentation to Plaintiff's counsel within 10 days as previously instructed to do by this Court.

87. Although Mr. Vance, and now the Court, is well aware that BAC is a non-entity and that it holds no claim or interest in Plaintiff's Chapter 7 proceeding, Mr. Vance continues to file false and misleading matters in this court, while still failing to produce the documentary evidence that the Court ordered it produce in its July 29, 2010 Order. As late as August 2, 2010, Mr. Vance filed a 'Motion To Extend Time" on behalf of BAC where he continues to make misrepresentations to the Court.

88. Those misrepresentations are:

1) BAC is the successor in interest to Countrywide Home Loans, Inc.;

2) BAC has been in litigation with the Debtor;

3) That Debtor owes a debt to BAC

The Court's attention is directed to the fact that BAC, in its latest motion, is now calling itself BAC Home Loan Servicing, LP without any explanation as to how a corporation became a limited partnership, why it has dropped the "fka Countrywide Home Loans, Inc." portion of its name, and how it now holds what BAC Home Loan Servicing, Inc. previously held, and how either of these entities have come to own a claim against the Plaintiff.

88a.    Previously, BAC, through its counsel, Mr. Vance, on June 9, 2010, filed a motion for relief from stay which made the following additional misrepresentations:

4)    BAC has a claim against the Debtor;

5)    Debtor obtained a mortgage loan from BAC; (this was falsely alleged 3 times)

6)    BAC filed 3 foreclosure suits;

7)    The McCracken Circuit Court granted BAC summary judgment

8)    The state court granted BAC's order for sale

In each case, BAC does not exist as an entity, and it never appeared in the state court against the Plaintiff herein.

89.    BAC's counsel, and most notably, but not exclusively, Mr. Vance, have set out on a deliberate and willful course to misrepresent BAC's actual status, to misrepresent BAC's standing in this proceeding and/or to any valid claim herein, in an attempt to enforce a void judgment held by Countrywide, thereby hoping to avoid the defenses the Plaintiff must raise against Countrywide. Surely this Court recognizes that if the Plaintiff is forced to collaterally attack the Countrywide judgment while BAC is allowed to get away with the booty, the Plaintiff may ultimately win the battle while BAC quietly wins the war through its fraudulent schemes. While this Court has allowed BAC much latitude, it has done so in contravention to Bankruptcy Rule 3001. It will be impossible for BAC to establish a claim against the Debtor under the strict requirements of Rule 3001, and therefore BAC has not attempted to do so. Instead, counsel for BAC has misrepresented itself to this Court since day one in an effort to circumvent Bankruptcy Rules and proper procedure, and by "bootstrapping" in a claim for BAC, where no actual claim lies in the name of Countrywide or anyone else related to BAC.

90.    The unethical conduct of BAC and its counsel as disclosed herein is identical in many ways to the conduct that became subject to severe sanctions in Re: Nosek, Chapter 13, Case No. 02-46025-JBR, Adversary Proceeding No. 04-4517 and 04-4109, United States Bankruptcy Court, District of Massachusetts. In that matter, Judge Rosenthal issued sanctions against Ameriquest Mortgage in the amount of $250,000 for making misrepresentations about its ownership and claim status, and against counsel for Ameriquest in the amount of $100,000 for knowingly participating in those misrepresentations.

91.    As a result of the foregoing, the named Defendants are liable for the aforesaid acts of bad-faith and unethical conduct against this Court for which sanctions are appropriate for the Plaintiff and other creditors properly within this proceeding.

**WHEREFORE**, as to the Complaint herein, the Plaintiff prays for relief against the Defendants as follows:

**As to Count 1:**    A declaration that the Defendant BAC lacks standing in this proceeding and that the Court lacks jurisdiction over the subject matter brought before it by BAC.

**As to Count 2:**    A declaration that BAC and Countrywide have violated the terms, restrictions and prohibitions included in the FTC Judgment and Fine issued against them on June 7, 2010.

**As to Count 3:.**    A declaration that the State Court judgment/order(s) issued to Countrywide Home Loans, Inc. in the McCracken Circuit Court, Case No. 06-CI-00305 are void and constitutionally invalid.

**As to Count 4:**    An Order issued by this Court permanently restraining and enjoining Countrywide, its successors and assigns from enforcing or attempting to enforce the State Court judgment/order(s) issued to Countrywide Home Loans, Inc. in the McCracken Circuit Court, Case No. 06-CI-00305.

**As to Counts 5, 6, 7 & 8:**

**A)** Compensatory damages in an amount sufficient to compensate the Plaintiff for the actual damages incurred by him as a result of the acts and omissions of the Defendants;

**B)** Statutory damages to the extent allowed by law for the Plaintiff for the acts and omissions of the Defendants;

**C)** Consequential Damages to the extent allowed by law for the Plaintiff for the acts and omissions of the Defendants;

**D)** Under the Kentucky Consumer Protection Act, the Kentucky Mortgage Loan Practices Act, and other applicable Kentucky Revised Statutes, damages allowed by those statutes, including exemplary damages, double or treble damages, penalties, attorneys fees, and expenses of litigation;

**E)** Prejudgment interest at the maximum legal rate;

**F)** Punitive or exemplary for the willful, intentional, malicious and/or reckless actions of the Defendants in the amount of Two Million Dollars ($2,000,000)

**G)** Reasonable attorneys fees and expenses of litigation as allowed by law;

**H)** A trial by a jury of 12 persons; and

**I)** Such other relief as the Court deems just and appropriate.

Respectfully submitted,

Dennis Bell, Plaintiff/Debtor